STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 05-22


MARY WILLIAMS AND MELVIN GEORGE WILLIAMS

VERSUS

W.O. MOSS REGIONAL MEDICAL CENTER, ET AL


**********


APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 99-2029
HONORABLE WILFORD D. CARTER, DISTRICT JUDGE


**********


BILLY HOWARD EZELL
JUDGE


**********


Court composed of Glenn B. Gremillion, Billy Howard Ezell, and James T. Genovese, Judges.


**REVERSED.**


Adam L. Ortego, Jr.
Assistant Attorney General
901 Lakeshore Drive, #820
Lake Charles, LA 70601
(337) 491-2844
Counsel for Defendants/Appellants:
W.O. Moss Regional Medical Center
Dr. Claude Simon

**Daniel J. McGlynn**
**McGlynn, Glisson & Koch**
**P. O. Box 1909**
**Baton Rouge, LA 70821**
**(225) 344-3555**
**Counsel for Plaintiffs/Appellees:**
**Mary Williams**
**Melvin George Williams**

**Bobby Ray Lormand, Jr.**
**Maughan, Maughan & Lormand**
**634 Connell's Park Lane**
**Baton Rouge, LA 70806**
**(225) 926-8533**
**Counsel for Plaintiffs/Appellees:**
**Mary Williams**
**Melvin George Williams**

**EZELL, JUDGE**.

This case is a medical malpractice case. Moss Regional Medical Center (Moss Regional) and Dr. Claude Simon appeal the judgment of the trial court granting a judgment notwithstanding the verdict and new trial in favor of the Plaintiffs, the family of Mary Williams. For the following reasons, we reverse the decision of the trial court and reinstate the findings of the jury.

On January 29, 1996, Mrs. Williams had a mammogram performed at Moss Regional. Dr. Claude Simon, a radiologist, reviewed the mammogram film. He found two questionable nodules, but decided they were benign. One year later, Mrs. Williams found a small lump in her breast and went back to Moss Regional for another mammogram, which was performed on January 29, 1997. Dr. Simon again reviewed the films, this time finding changes that indicated cancer. Mrs. Williams had a radical mastectomy of her right breast. Mrs. Williams and her husband filed this suit, claiming that the hospital and the doctor committed medical malpractice in failing to find the cancer in the first mammogram. Mrs. Williams died from the cancer after the suit was filed. Her husband and the couple's three children amended the suit to include wrongful death and survivorship actions.

A jury trial was held on May 3, 2004. The jury ruled in favor of the hospital and the doctor, finding no failure to meet the appropriate standard of care. The Plaintiffs filed a motion for judgment notwithstanding the verdict (JNOV) and a motion for new trial, claiming that the jury's decision was against the law and the evidence. After a hearing on these motions, the trial judge found that the jury's findings were against the law and evidence before the court, and granted the motion for JNOV. After overruling the jury's decision, the trial judge awarded the Plaintiffs

1

$500,000 in damages.  The trial judge also granted the motion for new trial.   From this decision, Dr. Simon and Moss Regional appeal.

Dr. Simon and Moss Regional assert two assignments of error.  They claim that the trial judge was wrong in overturning the jury's decision and that the trial judge was incorrect in granting the motion for new trial.  We agree.

We will first address the JNOV.  Louisiana Code of Civil Procedure Article 1811(F) is the authority for a JNOV.  The article provides that a motion for JNOV may be granted on the issue of liability or on the issue of damages or on both.  In *Smith v. Lee,* 00-1079, pp. 2-3 (La.App. 5 Cir. 4/11/01), 783 So.2d 642, 644, *writ denied,* 01-1731 (La. 9/28/01), 798 So.2d 116, the court noted:

> A judgment notwithstanding the verdict is warranted when the facts and inferences point so strongly and overwhelmingly in favor of one party that the court believes that reasonable men could not arrive at a contrary verdict.  The motion should be granted when the evidence points so strongly in favor of the moving party that reasonable men could not reach different conclusions, not merely when there is preponderance of evidence for the mover.  If there is evidence opposed to the motion which is of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions, the motion should be denied.  In making this determination, the court should not evaluate the credibility of the witnesses, and all reasonable inferences of factual questions should be resolved in favor of the non-moving party.  See *Anderson v. New Orleans Public Services, Inc.*, 583 So.2d 829 (La.1991), LSA-C.C.P. art. 1811 and *Davis v. Wal-Mart Stores, Inc.*, 00-445 774 So.2d 84 (La.11/28/00).

The standard of review for a JNOV on appeal is a two part inquiry:  first, the appellate court must determine if the trial court erred in granting the JNOV, which is done by using the same criteria used by the trial judge in deciding whether to grant the motion.  Second, after determining that the trial court correctly applied its standard of review as to the jury verdict, the appellate court reviews the JNOV using the manifest error standard of review.  *Martin v. Heritage Manor South Nursing*

2

*Home*, 00-1023 (La. 4/3/01), 784 So.2d 627. We find that the trial court erred in granting the JNOV.

A review of the record makes it clear that the jury's verdict was reasonable in light of the evidence presented at trial. The Plaintiffs claimed that Dr. Simon breached the standard of care in reviewing the 1996 mammogram without previous mammograms or a pre-mammogram questionnaire. They further claimed that Moss Regional failed to meet its standard of care in failing to prepare the questionnaire. Dr. Simon and Moss Regional presented expert testimony concerning the standard of care required of them and whether they met that standard.

After her 1996 mammogram was read by Dr. Simon, Mrs. Williams was still concerned about the nodules found on the films. She consulted with a surgeon of her choice, Dr. Joseph O'Donnell, about having them removed. Dr. O'Donnell testified that he examined the 1996 film reviewed by Dr. Simon, as well as films from 1992 and 1994. He stated that he noted nothing in the 1996 film that indicated a cancerous change from the previous mammograms, further stating that he saw nothing on the films that he felt should be biopsied. Dr. O'Donnell concluded that no surgery was needed for Mrs. Williams at that time.

Dr. Jeffery Laborde, an expert in radiology, testified that he agreed with Dr. Simon's report following the 1996 mammogram that there was nothing indicating cancer. He stated that after reviewing the films from the previous years, his opinion did not change. Additionally, he stated that he would not send a patient to have a biopsy based on the 1996 film. Dr. Laborde felt that Dr. Simon did adhere to the required standard of care. Additionally, Dr. John Romero, another expert radiologist, also testified that neither Dr. Simon nor Moss Regional deviated from the standard of care in their treatment of Mrs. Williams.

3

The Plaintiffs' claims essentially depend upon the assertion that no pre-mammogram questionnaire was prepared by Moss Regional or seen by Dr. Simon. However, while it is true that the 1996 questionnaire no longer exists, there is no evidence that the questionnaire was not completed or seen by Dr. Simon.

Karen Jongbloed, the radiology technician at Moss Regional who actually took the mammogram, testified that it was hospital policy to always fill out the required forms, and that she never deviated from that policy. She stated that she filled out a questionnaire in every case. She stated that each time a patient came in for a mammogram, she completed a new questionnaire by updating information from the previous form, then the old form was discarded. Suzanne Smith, the radiology manager, also testified that questionnaires were always performed and that old forms were discarded prior to this litigation. While Dr. Simon did admit that it is possible that he could receive a mammogram without the proper documents attached, he felt it was highly unlikely this would occur. Accordingly, there was ample evidence for the jury to conclude that a form had been completed as required by the standard of care, then discarded prior to this litigation.

It is clear that the evidence does not point so strongly in favor of the Plaintiffs that reasonable men could not rule against them. In fact, there does not even seem to be a preponderance of evidence in favor of the Plaintiffs. Accordingly, the trial court committed error in granting the JNOV.

Dr. Simon and Moss Regional next claim that the trial court erred in granting a motion for new trial in favor of the Plaintiffs. Again, we agree. Louisiana Code of Civil Procedure Article 1972(1) provides that a new trial shall be granted, upon contradictory motion of any party, when the verdict or judgment appears clearly contrary to the law and evidence. The applicable standard of review in ruling on a

4

motion for new trial is whether the trial court abused its discretion. *Martin*, 784 So.2d 627. In order to apply this standard, "[w]e are faced with the balancing of two very important concepts: the great deference given to the jury in its fact finding role and the great discretion given to the trial court in deciding whether to grant a new trial." *Davis v. Wal-Mart Stores, Inc.*, 00-445, pp. 11-12 (La. 11/28/00), 774 So.2d 84, 93-94. Though the "[trial] court has much discretion [in determining whether to grant a new trial]. . . . , this court will not hesitate to set aside the ruling of the trial judge in a case of manifest abuse." *Lamb v. Lamb,* 430 So.2d 51, 53 (La.1983). Thus, although "[t]he scales are clearly tilted in favor of the survival of the jury's verdict, the trial court is left with a breadth of discretion which varies with the facts and events of each case." *Davis*, 774 So.2d. at 94.

The Louisiana Supreme Court stated in *Martin*, 784 So.2d at 637, "[A] jury verdict cannot be set aside on that [sic] the grounds that the verdict is contrary to the evidence if it is supportable by any fair interpretation of the evidence." This is a case in which there was a dispute among the experts as to whether the defendants breached the applicable standard of care. "It is the duty of the jury to evaluate the credibility of each witness, and come to conclusions as to the facts based on these evaluations." *Campbell v. Tork, Inc.,* 03-1341, p.11 (La. 2/20/04), 870 So.2d 968, 975. It is apparent to this court that the jury accepted the substantial evidence put forth by Dr. Simon and Moss Regional that there was no breach of the standard of care.

While a trial judge does have discretion in granting a new trial, and is entitled to draw his own inferences and conclusions from the evidence as well as evaluate the credibility of the witnesses, he may not interfere with a jury verdict with which he simply disagrees when that verdict is based on a fair interpretation of the evidence. *Martin*, 784 So.2d 627. In our case, the jury's verdict is clearly supportable by a fair

interpretation of the evidence, as there was substantial evidence heard by the jury to lead it to conclude that Dr. Simon and Moss Regional did not breach the standard of care. Therefore, it was an abuse of discretion for the trial court to grant a new trial.

For the above reasons, the rulings of the trial court granting the JNOV and motion for new trial are hereby reversed and the jury's verdict is reinstated. Costs of this appeal are assessed against the Plaintiffs.

**REVERSED.**