# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 09-441


CHARLOTTE ALFRED

VERSUS

LARRY BUTLER, KIMBERLY ARMSTRONG,
LOUISIANA REHABILITATION, INC. AND
ABC INSURANCE COMPANY


************


## APPEAL FROM THE
## SIXTEENTH JUDICIAL DISTRICT COURT
## PARISH OF IBERIA, NO. 105625-F
## HONORABLE EDWARD M. LEONARD, JR., DISTRICT JUDGE


************


## JAMES T. GENOVESE
## JUDGE


************


Court composed of Marc T. Amy, Billy H. Ezell, and James T. Genovese, Judges.


**AFFIRMED.**



Chris Villemarette
1606 B St. Mary Street
Scott, Louisiana 70583
(337) 232-3100
COUNSEL FOR DEFENDANTS/APPELLANTS:
    Kimberly Armstrong and Louisiana Rehabilitation Services, Inc.



Lucretia Pecantte-Burton
Post Office Box 13738
New Iberia, Louisiana 70562-3738
(337) 367-1779
COUNSEL FOR PLAINTIFF/APPELLEE:
    Charlotte Alfred

**GENOVESE, Judge.**

Following an adverse judgment and denial of new trial, Defendants, Kimberly

Armstrong and Louisiana Rehabilitation, Inc. (Louisiana Rehabilitation), appeal only

the denial of their Motion for New Trial. For the following reasons, we affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff, Charlotte Alfred, seventy-two years of age, filed a negligence action

against Larry Butler, Kimberly Armstrong,[1] and Louisiana Rehabilitation, alleging

that Mr. Butler "committed a sexual assault and battery and rape" against her on June

29, 2005. Kimberly Armstrong is the sole-owner of Louisiana Rehabilitation, a

rehabilitation clinic in New Iberia, Louisiana.

On the date of the alleged assault, Ms. Alfred was a physical therapy patient

of Louisiana Rehabilitation. At the time of the alleged assault, Ms. Alfred was being

transported to her home from Louisiana Rehabilitation in a patient-transport van

being driven by Louisiana Rehabilitation's employee, Mr. Butler.

A bench trial was held on July 18, 2007, on Ms. Alfred's vicarious liability

claims against Ms. Armstrong and Louisiana Rehabilitation.[2] At the conclusion of

the trial, the trial court took the matter under advisement and allowed the parties to

file post-trial memoranda. On August 15, 2007, the trial court issued Reasons for

Judgment wherein it ruled that Defendants were solidarily liable with Mr. Butler to

---

[1]Ms. Armstrong was named as a Defendant both individually and as the sole-owner of Louisiana Rehabilitation. Ms. Alfred alleged that Ms. Armstrong was personally liable for her damages because Ms. Armstrong "acted in bad faith as shareholder, director[,] and officer of the corporation by breaching her fiduciary duty by failing to secure insurance on behalf of [Louisiana Rehabilitation] and negligently [hiring Mr. Butler.]"

[2]On December 5, 2005, the trial court signed a default judgment against Mr. Butler, awarding Ms. Alfred damages in the amount of $500,000.00. Though Mr. Butler is named as a Defendant in this action, for purposes of this appeal, we use the term "Defendants" to refer only to Ms. Armstrong and Louisiana Rehabilitation.

1

Ms. Alfred for damages in the amount of $500,000.00. A judgment to this effect was signed by the trial court on September 21, 2007.

On October 1, 2007, Defendants filed a Motion for Judgment Notwithstanding the Verdict (JNOV) or, Alternatively, a Motion for New Trial. Defendants sought a new trial on the basis that "new evidence has come to light which radically challenges the facts alleged in the petition as well as the basis for the court's December 5, 2005 judgment." Defendants offered the trial court's minutes from Mr. Butler's November 28, 2006 criminal trial on the charge of aggravated rape involving the same incident alleged in the civil suit in support of their argument that newly discovered evidence warranted a new trial in this civil matter.

According to the Defendants, a mistrial was declared in the criminal proceeding after the trial court determined that certain witnesses allegedly perjured themselves during the course of Mr. Butler's criminal trial. In Defendants' Supplemental Memorandum in Support of Motion for JNOV and Alternatively New Trial, Defendants argue that "[t]he testimony in [Mr. Butler's November 26, 2006 criminal trial] shows that [D]efendants were the victims of fraud and that Charlotte Alfred was not raped but engaged in consensual sex with her boyfriend, Larry Butler." Defendants admit that in March of 2007, Mr. Butler pled guilty to committing second degree battery against Ms. Alfred on June 29, 2005.

The trial court held a hearing on Defendants' motion on August 29, 2008. At said hearing, Defendants argued only for a new trial, which the trial court denied. A judgment denying Defendants' Motion for New Trial was signed by the trial court on November 18, 2008. Defendants appeal.

2

## ASSIGNMENTS OF ERROR

In their two assignments of error, Defendants assert that "the trial court erred in failing to exercise its discretion [in] denying [D]efendant's [M]otion for [N]ew [T]rial" and "[t]he trial court erred in denying [D]efendant's [M]otion for [N]ew [T]rial when an examination of the facts clearly demonstrates that a miscarriage of justice will result."

## STANDARD OF REVIEW

In *Williams v. W.O. Moss Regional Medical Center*, 05-22, pp. 4-5 (La.App. 3 Cir. 6/1/05), 903 So.2d 1150, 1153, this court stated:

> The applicable standard of review in ruling on a motion for new trial is whether the trial court abused its discretion. *Martin* [*v. Heritage Manor South Nursing Home*, 00-1023 (La. 4/3/01)], 784 So.2d 627. In order to apply this standard, "[w]e are faced with the balancing of two very important concepts: the great deference given to the jury in its fact finding role and the great discretion given to the trial court in deciding whether to grant a new trial." *Davis v. Wal-Mart Stores, Inc.*, 00-445, pp. 11-12 (La.11/28/00), 774 So.2d 84, 93-94. Though the "[trial] court has much discretion [in determining whether to grant a new trial] . . . ., this court will not hesitate to set aside the ruling of the trial judge in a case of manifest abuse." *Lamb v. Lamb*, 430 So.2d 51, 53 (La.1983).

## LAW AND DISCUSSION

Louisiana Code of Civil Procedure Article 1973 provides that "[a] new trial may be granted in any case if there is good ground therefor, except as otherwise provided by law." In brief, Defendants argue that "[t]he 'good grounds' in this case are evident from the fact that the State reduced the charges against Mr. Butler . . . ."

Louisiana Code of Civil Procedure Article 1972 provides, in pertinent part:

> A new trial shall be granted, upon contradictory motion of any party, in the following cases:

> (1) When the verdict or judgment appears clearly contrary to the law and the evidence.

(2) When the party has discovered, since the trial, evidence important to the cause, which he could not, with due diligence, have obtained before or during the trial.

Defendants contend that they "were not aware of the strange proceedings at the criminal trial"; therefore, Defendants "had no reason of knowing that the court granted a mistrial or that [Mr.] Butler may have been innocent since he had already served almost three years in prison." Defendants also note that "[t]he criminal trial took place in St. Mary Parish, while the civil trial proceeded in Iberia Parish."

Ms. Alfred argues that Defendants had ample opportunity to obtain the information it now contends is newly discovered evidence prior to the civil trial held in this matter on July 18, 2007. In brief, Ms. Alfred argues that "[a]ll of the information surrounding the incidents that occurred in the criminal trial could have been easily obtained by [Defendants]. All that information was public record." We agree.

Our review of the record supports the trial court's determination that a new trial in this matter was not warranted. Defendants had from November of 2006, the date Mr. Butler's criminal trial ended in a mistrial, until the civil trial in July of 2007 to obtain the information it now argues warrants a new trial in the civil case filed by Ms. Alfred. Had Defendants exercised due diligence in preparation for the civil trial, this evidence would have been available and usable in their defense. Further, Mr. Butler's guilty plea to second degree battery in March of 2007 constituted an admission of wrongdoing and figuratively eviscerated the defense that a consensual sexual encounter occurred between Ms. Alfred and Mr. Butler on June 29, 2005. Defendants have failed in their burden of proving a "good ground" for a new trial pursuant to La.Code Civ.P. art. 1973. Likewise, Defendants have failed to prove due diligence

4

in obtaining newly-discovered evidence pursuant to La.Code Civ.P. art. 1972(2). Therefore, we find no abuse of discretion in the trial court's denial of Defendants' Motion for New Trial.

## DECREE

For the above reasons, the judgment of the trial court denying Defendants' Motion for New Trial is affirmed. Costs of this appeal are assessed against Defendants/Appellants, Kimberly Armstrong and Louisiana Rehabilitation, Inc.

**AFFIRMED.**